# In the United States District Court
## for the
## Western District of Texas

K.T. b/n/f ELIA G., et al.          §
                                    §
v.                                  §          SA-09-CV-285-XR
                                    §
NATALIA I.S.D., et al.              §

## ORDER

On this day came on to be considered Defendants' Second Motion to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted (docket no. 15).

## Background

Plaintiffs filed their Original Complaint on May 18, 2009. In summary, Plaintiffs allege that K.T. was then a student in the Natalia I.S.D. K.T. is a child of mixed heritage (Mexican-American and Black) and as a result of her background she has been subjected to harassment by certain classmates. K.T.'s parent alleges that she has made complaints about the harassment, but the school district has failed to remedy the situation. The current live complaint is Plaintiffs' Amended Complaint filed on October 23, 2009.

The case was originally assigned to the Honorable Orlando Garcia. For reasons not articulated in his Order filed February 5, 2010, Judge Garcia recused himself from this case. The case was reassigned to the undersigned by

the Clerk's office.

In the amended complaint, Plaintiffs have alleged the following causes of action: (1) race and color discrimination in violation of 42 U.S.C. § 2000[1], 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, and Section 3a of the Texas Constitution; (2) false imprisonment[2]; (3) intentional infliction of emotional distress; (4) libel[3]; (5) negligent hiring; (6) retaliation[4]; and (7) slander.[5]

Plaintiffs allege in their amended complaint that because their complaints of harassment went unaddressed, they were required to relocate to another school district.

Plaintiffs assert their claims against the school district, Joey Moczygemba, the superintendent (in both his individual and official capacity), and Rey Alvarado, Jr., the school board president (in both his individual and official capacity).

---

[1] It appears that Plaintiffs are bringing suit under 42 U.S.C. §§ 2000d, et seq. (also known as Title VI).

[2] It is unclear from the amended complaint which Plaintiff was allegedly falsely imprisoned.  There is also no date alleged as to when this imprisonment allegedly took place.

[3] Plaintiffs allege that someone published a false statement about K.T. "which indicated that the child lied about some of the incidents...."  It is not clear who allegedly published the statement, and it is not clear who received the statement.

[4] It is not clear whether Plaintiffs are alleging this cause of action based upon some statute or based upon some common law theory.

[5] Plaintiffs allege that someone verbally made a false statement "referring to Plaintiffs which by innuendo and implication slandered Plaintiffs."  It is not clear what was said, when the statement was made, who published the statement, or who received the statement.

**Defendants' Motion to Dismiss**

Defendants argue the following: (1) to the extent that Plaintiffs are attempting to bring a claim directly under the Fourteenth Amendment, dismissal is appropriate; (2) the section 1983 claim against the school district is deficient because Plaintiffs have failed to allege the existence of a policy, practice or custom attributable to the school board; (3) the official capacity claims against Moczygemba and Alvarado are redundant; (4) the individual defendants are entitled to qualified immunity; (5) there is no individual liability under Title VI; (6) the state law tort claims against the school district and Moczygemba and Alvarado (in their official capacities) are barred by sovereign immunity; (7) the state law tort claims against Moczygemba (in his individual capacity) are barred by Texas Civ. Prac. & Rem. Code § 101.106(e); (8) the state law tort claims against Alvarado (in his individual capacity)  are barred by Tex. Educ. Code § 22.0511; (9) there is no private cause of action to assert a claim under Section 3a of the Texas Constitution; and (10) Plaintiffs cannot recover punitive or exemplary damages under section 1983 and Title VI as a matter of law.

Plaintiffs have not responded to the motion to dismiss.

## Analysis

### A.    Fourteenth Amendment Claim

Although there have been a few notable exceptions, *see e.g., Davis v. Passman*, 442 U.S. 228 (1979); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal courts have been

hesitant to find causes of action arising directly from the Constitution.

Plaintiffs' amended complaint appears to allege a cause of action under the Fourteenth Amendment.  Accordingly, Defendants' motion to dismiss on this ground is granted.  It appears, however, that Plaintiffs intend to assert a section 1983 cause of action arguing that any harassment directed against K.T. and her mother violated their Fourteenth Amendment, equal protection rights.  This claim will be addressed more fully below.

## B.    Section 1983 Claim Against the School District

A governmental entity such as a school district cannot be liable under § 1983 on the theory of respondeat superior.  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  To establish governmental liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by a policymaker (3) was the moving force behind the violation of a constitutional right.  *Id.* Official policy establishes culpability and can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* at 579.

A policy or custom is official only "when it results from the decision or acquiescence of the municipal officer or body with 'final policymaking authority' over the subject matter of the offending policy." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).   Thus, a plaintiff must show the policy was

promulgated by the municipality's policymaker.

Finally, a plaintiff must establish that the policy was the moving force behind the violation.  In other words, a plaintiff must show direct causation.  *See Piotrowski*, 237 F.3d at 580.  This means "there must be a direct causal link" between the policy and the violation.  *Id*.

In Plaintiffs' amended complaint they state the following: "The district did have a policy in place to address discrimination and harassment based on race.  The faculty, staff and administration did not apply the policy and did not prevent or stop the discrimination.  There seemed to be a more pervasive unwritten policy that allowed discrimination and harassment based on race."

The Plaintiffs further allege that although "the District has a policy in place that prohibits discrimination, that policy has failed to address this issue and the School Board has not revisited or revised the policy.  Further, the School Board directed the superintendent to develop a program that would include the Plaintiff, K.T., and other students who [sic] would address discrimination issues in the District.  The superintendent failed to comply with this instruction.  It is the unwritten policy of Natalia I.S.D. to ignore discrimination that [sic] has permitted continued discrimination and retaliation against Plaintiffs.  Natalia I.S.D. has violated the rights of Plaintiff K.T. b/n/f Elia Garza by creating a hostile educational environment."

Plaintiffs acknowledge that a written policy exists that prohibits discrimination, but argue that an unwritten policy or custom exists within the school district to the contrary.  Plaintiffs, however, provide no further allegations

to support their contention.  Subjective belief or conclusory statements will not suffice to prevent a motion to dismiss.  *See Henrise v. Horvath*, 45 Fed. Appx. 323 (5th Cir. 2002).

The school district's motion to dismiss the section 1983 claim against it is granted.

### C.     Official Capacity Claims against Moczygemba and Alvarado

Suing a government official in his official capacity is another way of pleading against the entity of which the official is an agent.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, an official capacity suit is to be treated as a suit against the entity. *Id*. "An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. at 171. The Court will dismiss the official capacity claims against Superintendent Moczygemba and Board President Alvarado in their official capacities because the section 1983 claims against them are redundant of the section 1983 claim against the District.

### D.     Qualified Immunity Raised by Moczygemba and Alvarado

Moczygemba and Alvarado claim they are entitled to qualified immunity. Qualified immunity shields government officials from liability when they are acting within their discretionary authority and their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Flores v. City of Palacios*, 381 F.3d 391, 393-94 (5th Cir. 2004).

In reviewing a motion to dismiss based on qualified immunity, a district court undertakes a two-step analysis.  First, a court must determine whether a statutory or constitutional right would have been violated on the facts alleged. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Aucoin v. Haney*, 306 F.3d 268, 272 (5th Cir. 2002).  If no constitutional right would have been violated were the allegations established, then the inquiry ends.  *Saucier*, 533 U.S. at 201.

If a violation is properly alleged, then the court proceeds to the second step in which it determines whether the defendant's actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores*, 381 F.3d at 395 (*quoting Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).  A right is clearly established when its contours are sufficiently clear so that a reasonable official would understand that what he is doing violates that right.  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Finally, if the law was clearly established at the time of the incident, the court must decide whether the defendant's conduct was objectively reasonable. *Aucoin*, 306 F.3d at 272. An official's conduct is objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the conduct violated the Constitution.  *Hampton v. Oktibbeha County Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007). Even if the government official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable.  *Hernandez ex. rel. Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

Once a government officer pleads the affirmative defense of qualified immunity, the burden shifts to the plaintiff to rebut the defense by establishing that the employee's allegedly wrongful conduct violated clearly established law. *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). This burden requires the plaintiff to plead "claims of specific conduct and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

In this case, Plaintiffs do not allege anything specifically against Board President Alvarado.  He appears to have been named just because he is the school board president.  Plaintiffs fail to allege that Alvarado violated any constitutional right.  Accordingly, Alvarado's motion to dismiss the section 1983 claim against him because of qualified immunity is granted.

With regard to the claims against Superintendent Moczygemba, Plaintiffs allege that the superintendent was directed by the school board to develop a program that would address discrimination issues and he failed to comply with that instruction.  Plaintiffs make no other allegations against the superintendent.  Plaintiffs fail to allege that Moczygemba violated any constitutional right.  Accordingly, Moczygemba's motion to dismiss the section 1983 claim against him because of qualified immunity is granted.

8

### E.    Individual Liability under Title VI[6]

To prevail on a claim for relief under Title VI, a plaintiff must prove 1) that the defendant engaged in intentional discrimination based on race, color, or national origin; and 2) the defendant received federal financial assistance. *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001); *Guardians Assn. v. Civ. Svc. Commn. of New York City*, 463 U.S. 582, 611 (1983); *Waris v. Harris County, Tx.*, No. H-06-1331, 2007 WL 4377828, *8 (S.D. Tex. Dec. 12, 2007).  Intentional discrimination encompasses practices by which the actor intended to treat similarly situated persons differently solely on the basis of national origin, color, or race. *Canutillo Ind. Sch. Dist. v. Leija*, 101 F.3d 393, 397 (5th Cir. 1996), *cert. denied*, 520 U.S. 1265 (1997).

The proper defendant in a Title VI case is an entity receiving federal financial assistance.  *Price ex rel. Price v. Louisiana Dept. of Educ.*, 329 Fed. Appx. 559 (5th Cir. 2009) (District court correctly noted that only public and private entities can be held liable under Title VI. "The dismissal of the plaintiffs' claims against the individual officials named in the complaint was therefore proper."); *DeLeon v. City of Dallas*, No. 3:02-cv-1097-K, 2008 WL 2941245 (N.D. Tex. July 25, 2008).

The Title VI claims against Moczygemba and Alvarado are dismissed.

---

[6] Title VI provides that:  No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

**F.      State Law Tort Claims against the School District and Moczygemba and Alvarado (in their official capacities) and Sovereign Immunity**

Plaintiffs assert the following state law tort claims: false imprisonment, intentional infliction of emotional distress, libel, negligent hiring, retaliation[7] and slander.   Except for the negligent hiring claim, all of these claims are intentional torts.   The waiver of sovereign immunity does not extend to intentional torts under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2); *Harris County v. Cypress Forest Public Utility Dist. of Harris County*, 50 S.W.3d 551, 553 (Tex. App.-Houston [14 Dist.] 2001, no pet.).

With regard to the negligent hiring claim, a "plaintiff cannot circumvent the intentional tort exception by couching his claims in terms of negligence." *Harris County, Tex. v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App.-Houston [1 Dist.] 2005, no pet.).  However, in this case Plaintiffs are alleging that the school district failed to properly train its personnel to prevent racial harassment directed against a student by other students and certain unnamed school employees.  Plaintiffs have pled their negligent hiring claim as a claim for negligence, and not as a circumvention of the intentional tort exception.

However, with regard to the negligent hiring claim, Defendants also argue that this claim is also barred by the Texas Tort Claims Act inasmuch as under section 101.021(1)(A), governmental immunity is waived only if several elements are met, one of which is that the injury or death sued upon must "arise from the

---

[7] As stated above, it is uncertain whether Plaintiffs are bringing their retaliation claim based upon some statutory authority or based upon some common law theory.

operation or use of a motor-driven vehicle or motor-driven equipment."

The TTCA waiver extends to injuries cause by "a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Id.* at § 101.021(2).  Negligent hiring is not caused by "a condition or use of tangible personal or real property," so it is not subject to the waiver of immunity provided by the Texas Tort Claims Act, and plaintiffs' negligent hiring claim must be dismissed.  *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009); *Tex. Dept. Of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001); *Price v. Harris County*, No. H-09-1966, 2009 WL 3233423 (S.D. Tex. Oct. 7, 2009).

All of Plaintiffs' state law tort claims against the School District and Moczygemba and Alvarado (in their official capacities) are dismissed.

**G.    State Law Tort Claims against Moczygemba (in his individual capacity) and Texas Civ. Prac. & Rem. Code § 101.106(e)**

Natalia I.S.D. seeks dismissal of all state law tort claims against Moczygemba pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(e).  That section states: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."  Plaintiffs' state law tort claims against Moczygemba are dismissed.  *See Reyes v. Bridgwater*, No. 09-10076, 2010 WL 271422 (5th Cir. Jan. 22, 2010); *Alcala v. Texas Webb County*, 620 F. Supp.2d 795 (S.D. Tex. 2009).

**H.     State Law Tort Claims against Alvarado (in his individual capacity)  and Tex. Educ. Code § 22.0511**

Texas Education Code section 22.0511 states:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

A school board member is considered a professional employee pursuant to Tex. Educ. Code section 22.051(a)(5).

Because the tortious conduct alleged in Plaintiffs' complaint is not among the exceptions listed in § 22.0511, Alvarado is immune from liability as to Plaintiffs' state law claims.  Plaintiffs' state law tort claims against Alvarado (in his individual capacity) are dismissed pursuant to Tex. Educ. Code § 22.0511.

**I.     Section 3a of the Texas Constitution**

Defendants seek dismissal of Plaintiffs' Section 3a claim under the Texas Constitution arguing that the provision grants no private right of action for damages.  The Court agrees.  *See Perry v. Kaufman County*, No. 3:98-cv-2870-2, 2000 WL 1372832 (N.D. Tex.  Sept. 22, 2000); *Vincent v. West Texas State University*, 895 S.W.2d 469 (Tex. App.-Amarillo 1995, no pet.).  Plaintiffs' section 3a claims are dismissed.

**J.     Punitive or Exemplary Damages under Section 1983**

Natalia I.S.D. seek dismissal of Plaintiffs' claim for punitive or exemplary

damages under section 1983 and Title VI arguing that pursuant to *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), such damages, as a matter of law, cannot be asserted against them.  In that case, the Supreme Court stated that because "absolute immunity from such damages obtained at common law ... was undisturbed by the 42d Congress, and because that immunity is compatible with both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983." *Id.* at 271; *see also Webster v. City of Houston*, 689 F.2d 1220, 1228 (5th Cir. 1982).

Likewise, the Court agrees that punitive damages are not available under Title VI.  *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

## Conclusion

As a result of the above rulings, Defendants' motion is granted.

The only remaining claim in this case is the Title VII claim pending against Natalia I.S.D.

If Plaintiffs are attempting to also assert a retaliation claim under Title VI, Plaintiffs are ordered to file an amended complaint within fourteen days of this Order.  If Plaintiffs do not file an amended complaint within this period, the Court will assume that Plaintiffs' retaliation claim was filed under a state common law theory, and that such a claim was dismissed pursuant to this Order.

It is so ORDERED.

SIGNED this 12th day of April, 2010.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE