**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| K.T., a minor, by next friend ELIA GARZA, | § | |
| and ELIA GARZA | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-285-XR |
| | § | |
| NATALIA INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

On this day came on to be considered Defendants' Motion to Strike Plaintiffs' Amended Complaint (Docket Entry No. 26).  Plaintiffs have not responded.  The motion is GRANTED IN PART AND DENIED IN PART.

### Background

Plaintiffs allege that K.T. was then a student in the Natalia I.S.D.  K.T. is a child of mixed heritage (Mexican-American and Black) and Plaintiffs allege that as a result of her background, she has been subjected to harassment by certain classmates.  K.T.'s parent claims that she has made complaints about the harassment, but the school district has failed to remedy the situation.

### Procedural History

The Court interpreted Plaintiffs' ambiguous first amended complaint as asserting the following causes of action: (1) race and color discrimination in violation of 42 U.S.C. § 2000, 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, and Section 3a of the Texas Constitution; (2) false imprisonment; (3) intentional infliction of emotional distress; (4) libel; (5) negligent hiring; (6) retaliation; and (7) slander.  Defendants moved to dismiss, and Plaintiffs did

not respond.  The Court granted the motion to dismiss, leaving only Plaintiffs' Title VII claim.[1]  The

Court ordered Plaintiffs to amend their complaint in the event that they were also asserting a federal

claim for retaliation.[2]  After being granted an extension of time to file the amended complaint,

Plaintiffs filed their Second Amended Complaint.[3]  Defendants have moved to strike portions of the

amended complaint that they believe are an attempt to revive claims pursuant to 42 U.S.C. § 1983

against the District and claims against the previously-dismissed individual defendants.  Plaintiffs

have not responded and the time to do so has expired.  *See* L.R. CV-7(d) (W.D. Tex.) (regarding

deadline for responses); FED. R. CIV. P. 6 (regarding calculation of deadlines).

### Discussion

Defendants move to strike the portions of Plaintiffs' complaint that may be construed as

attempting to revive claims against the individual Defendants or previously-dismissed claims against

the Natalia Independent School District.  They also ask the Court to dismiss Plaintiffs' Title VI

retaliation claim because the complaint was not amended timely pursuant to the Court's April 12,

2010, Order.

Pursuant to Local Rule CV-7(d) of the Western District of Texas, "[i]f there is no response

filed within the time period prescribed by this rule, the Court may grant the motion as unopposed."

L.R. CV-7(d).  Plaintiffs have failed to respond to the motion.

The Court has reviewed the complaint and it is unclear whether Plaintiffs are asserting claims

beyond a Title VI retaliation claim or against whom Plaintiffs are asserting their claims.  The Court

---

[1]Order, Apr. 12, 2010 (Docket Entry No. 20).

[2]The Court dismissed Plaintiffs' state common law retaliation claim.

[3]Pls.' 2d Am. Compl., May 4, 2010 (Docket Entry No. 23).

stated that the Title VII allegations remained, however, the amended complaint, which supersedes the previous complaint, does not clearly assert those claims.  In any case, a Title VII claim is not cognizable in this setting because this case does not involve alleged discrimination in an employment setting.  The claim(s) are under a broad heading entitled "Violation of Plaintiff's Rights Under Title VI of the Civil Rights Act of 1967, Section 42 U.S.C. Sec. 1983 and the U.S. Constitution."  To the extent that any item can be read to assert a claim against the individual defendants, either as a revived claim or claim pursuant to Title VI, that segment is struck from the complaint.  To the extent that Plaintiffs are asserting a claim aside from a Title VI retaliation claim against Natalia Independent School District, that segment is struck from the complaint.

Although not within the deadline originally set the by Court's April 12, 2010, Order, Plaintiffs sought and were granted an extension of the deadline to amend their complaint.  For that reason, the amendment was timely and the Court will not dismiss the entire complaint.

### Conclusion

Defendants' motion is GRANTED IN PART AND DENIED IN PART.  Plaintiffs' only claim in this case is a Title VI retaliation claim against Natalia Independent School District.  The Court will not interpret any of the language as asserting any other claims against the District or individual Defendants.

It is so ORDERED.

SIGNED this 7th day of June, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

3