**In the United States District Court
for the
Western District of Texas**

| | |
|---|---|
| K.T. | § |
| | § |
| v. | §    SA-09-CV-285-XR |
| | § |
| NATALIA I.S.D. | § |

**ORDER**

On this day came on to be heard Defendant's motion for summary judgment (doc. no. 41).

**BACKGROUND**

Plaintiff alleges that K.T., a former student in the Natalia I.S.D., is a child of mixed heritage (Mexican-American and Black) and as a result of her background she has been subjected to harassment by certain classmates. K.T.'s mother alleges that she has made complaints about the harassment, but the school district has failed to remedy the situation.

On April 12, 2010, this Court made various rulings on Defendant's motion to dismiss. As a result of the above rulings, the Court held that the only remaining claim in this case is a Title VI[1] retaliation claim pending against Natalia I.S.D. Defendant

---

[1] "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI also supports a private cause of action for retaliation. *See Peters v. Jenney*, 327 F.3d 307, 320 (4th Cir. 2003). To establish retaliation, a plaintiff must show that: (1) she was engaging in a protected activity; (2) the funded entity subjected her to an adverse action after or contemporaneously with the protected activity; and (3) a causal link between the adverse action and the protected activity. *Id.*

now seeks summary judgment on that remaining claim.

On November 11, 2008, K.T.'s mother filed a level two complaint. In that complaint, Elia Garza stated that in mid-October, November 4 and November 11, she informed teachers and school administrators that her daughter was being bullied by other students, referred to as a "n_ _ _ er," and had been told that "black doesn't belong in this school." In the complaint she stated that the taunting made her daughter physically ill and that her daughter now required emotional counseling.

On November 20, the Natalia I.S.D. Superintendent, Joey Moczygemba, met with Ms. Garza and her attorney. He heard Ms. Garza's allegations, and obtained names of students who were allegedly involved in the bullying and verbal remarks.

On November 20, Mr. Moczygemba also met with Jane Deans, the assistant principal, and Amanda Wagner, the school counselor. Six students in the fourth grade were identified as having participated in the verbal abuse. Discipline ranging from detention to in school suspension was handed out to these students.

On November 24, Mr. Moczygemba met with K.T. and her attorney. K.T. informed the Superintendent that certain students had called her names such as, "bitch", "black face", "black girl", "shit" and "chocolate cake." K.T. stated that she had previously told Ms. Deans and Mrs. Wagner about the verbal abuse.

On December 8, Mr. Moczygemba sent a letter to Ms. Garza informing her of what actions were undertaken, that certain students were disciplined and their parents informed, that two of the students (one believed to be the primary instigator of the bullying) had withdrawn from the district, and that recess and PE time would be more closely monitored. Mr. Moczygemba also informed Ms. Garza that the school principal, Elvia DeLaGarza, and Ms. Deans would not be disciplined because they had

2

been investigating incidents when they were made aware of their occurrence and thereafter they appropriately disciplined the offending students.

In the December 8 letter, Mr. Moczygemba states, in part, the following: "Furthermore, the administrators and staff have no control over what students say. They do have the authority to address undesirable words and actions through the disciplinary techniques outlined in the student code of conduct which is approved by the School Board...." Mr. Moczygemba concluded the letter by advising Ms. Garza that she could appeal his decision by timely filing a level three grievance.

On December 1, 2008, Ms. Garza filed a level three appeal notice complaining that "Mr. Moczygemba still can't guarantee my daughter's safety. He says he can't control what students do in class. I feel that he should be able to control the bullying and racial remarks because its his job to do so."

On December 13, 2008, Ms. Garza filed a second level three appeal notice stating: "When I received the response to my grievance Mr. Moczygemba refused to write down all the facts. Also, the bullying and racial remarks continue. Ms. DeLaGarza refuses to respond to my complaints now because of the letter I wrote even after Mr. Moczygemba sent me a letter stating that he could not allow that in his school and Ms. DeLaGarza stated to me that she didn't want any attorneys on her back. Now she has Ms. Wagner handling it and she can't discipline, only counsel." Ms. Garza stated she wanted the school board to hear her appeal. On February 5, 2009, the school board denied her appeal, denied the request to discipline the principal and assistant principal, but requested that the Superintendent explore group counseling, student training or peer mediation as additions to the imposition of student discipline to prevent any further bullying.

3

**Analysis**

To make a claim for Title VI retaliation, a plaintiff must show (1) that she engaged in protected activity; (2) that the school district took a material adverse action against her, and (3) that a causal connection existed between the protected activity and the adverse action. *Peters v. Jenney*, 327 F.3d 307 (4th Cir. 2003).

It is undisputed that K.T. engaged in protected activity. She informed school officials that she was being subjected to racially offensive remarks by other students. The school district, however, argues that Plaintiff fails to establish the remaining two elements of a Title VI retaliation claim.

K.T.'s mother argues that after she complained to school officials "they were ugly to me on several different occasions." K.T.'s mother is critical of K.T.'s teacher's explanation that he was not in the classroom when the verbal statements were allegedly made. K.T.'s mother complains Ms. Dean was "very ugly", would lose her notes, was rude, claimed that K.T. was "making this stuff up." K.T.'s mother alleges that the school principal expressed doubt that one of the students would have made the racial remarks because she did "Sunday school with her. I teach her better than that."

K.T.'s mother also alleges that her daughter was punished after the complaints were raised by not being allowed to participate in lunch, PE or recess and being sent to the counselor's office. K.T.'s mother also alleges that Ms. Dean yelled at her on one occasion that your "daughter is not the only [student] here in school. I have other kids to deal with." K.T.'s mother further alleges that Ms. Dean thereafter would not take her phone calls, would not speak to her in person, and "avoided" her.

K.T.'s mother alleges that her daughter was sent home on at least 20 occasions.

4

K.T.'s mother alleges that on most of these occasions K.T. was crying because she had been kept isolated from other students in the counselor's office.

K.T.'s mother argues that any overtures about educating students about bullying were not followed up by school officials.

With regard to Ms. Garza's complaints about how she was treated, Ms. Garza lacks standing to allege that she was retaliated against and suffered damages. *Jackson v. Katy Ind. Sch. Dist.*, 951 F. Supp. 1293, 1298 (S.D. Tex. 1996) (the non-student plaintiffs lack standing to sue because the intended beneficiaries of the federally funded school program are the school children, not their parents).

Accordingly, the Court will confine its analysis to what adverse action K.T. was subjected to. In that regard, it is alleges that K.T. was punished after the complaints were raised by not being allowed to participate in lunch, PE or recess and being sent to the counselor's office. It is further alleged that she was sent home on at least 20 occasions when she was crying because she had been kept isolated from other students in the counselor's office.

The School District responds that no retaliatory acts took place, it arranged emotional support for K.T. after it became aware of the allegations, at the parent's request, Ms. Wagner checked on K.T. on a daily basis and worked with K.T. on developing social skills and skills for coping with any future conflicts. The school district also argues that K.T. "expressed that she was not comfortable with returning to class and would request to remain in Ms. Wagner's office even though she was encouraged to return to the classroom." Ms. DeLaGarza and Ms. Wagner state in their affidavits that "K.T. was never punished or isolated for reporting any student incidents."

5

The School District further objects to Ms. Garza's deposition testimony as unsupported argument and conclusory allegations. It is true that Ms. Garza is merely repeating what her daughter told her and that is hearsay. It is also true that this case involves a minor and in the fourth grade when these events took place. Accordingly, this case is brought by her mother on her behalf. Because Ms. Garza was not physically present at the elementary school at all times, she does not have any personal knowledge as to why K.T. did not participate in lunch, PE or recess and was being sent to the counselor's office.

The Court concludes that a material fact issue has been raised as to whether the school district took material adverse actions against K.T.

The Court, however, concludes that no material fact issue exists regarding any causal connection between the protected activity and the adverse actions. The school district has proffered competent summary judgment evidence to the Court explaining why K.T. did not participate in class on occasions. K.T. brings forth no competent summary judgment evidence to rebut.

## Conclusion

Defendant's motion for summary judgment (doc. no. 41) is GRANTED.

It is so ORDERED.

SIGNED this 17th day of February, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE